EDELMIRO MARTÍNEZ RIVERA, Plaintiff and Appellee, *v.* R. SANCHO BONET, TREASURER OF PUERTO RICO, ET AL., Defendants and Appellants.[*]

No. 7533.   Decided November 9, 1938.

B. *Fernández García, Emilio de Aldrey,* and *R. García Cintrón* for appellant. *E. Martínez Rivera, in pro. per,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellee, feeling aggrieved by our previous judgment rendered on the 14th of last July, (*ante,* p. 527) filed on the 10th of the following August a motion to reconsider in which he tries to show that said judgment is erroneous. It

---

* NOTE.—An appeal from this decision taken to the U. S. Circuit Court of Appeals for the First Circuit was dismissed for want of jurisdiction. See 108 F. (2d) 961.

appears from a consideration of said motion that the same rests on the mistaken notion of the appellee when he pretends to apply to the distress proceeding of the Political Code for the attachment and sale of property of taxpayers for the collection of delinquent taxes certain principles attaching to the special summary proceeding established by section 128 *et seq.* of the Mortgage Law and the concomitant sections of the Mortgage Regulations.

It is true that, according to the Mortgage Law, within the summary foreclosure proceeding no other amounts than those covered and secured by the mortgage may be collected. Art. 169 of the Mortgage Law Regulations; *Santos* v. *Crédito y Ahorro Ponceño*, 41 P.R.R. 934; *Martorell* v. *Crédito y Ahorro Ponceño*, 42 P.R.R. 632; *Vázquez* v. *Gutiérrez*, 52 P.R.R. 162. In other words, the summary foreclosure proceeding is only available for the collection of such sums as are secured by the mortgage notwithstanding that the mortgagee may hold other ordinary credits against the mortgagor.

The proceeding prescribed in the Political Code, on the contrary, is not restricted in its action to the collection of the last four preceding annual instalments only, it being permissible within such proceeding to collect the amount of all taxes lawfully due by the taxpayer. Such is the effect of section 335 of said code, as amended by the Act of March 14, 1907 (Session Laws, p. 362), which textually reads as follows:

"Sec. 335. *If any person neglects or refuses to pay his or her taxes* within the period prescribed in section 334 of this Title, the collector or any other duly deputized agent of the Treasurer, shall, after the written consent of the Treasurer shall have been obtained, *proceed to collect the same* by the attachment and sale of the property of such debtor, in the manner hereinafter provided." (Italics ours.)

At the time of the purchase by appellee from Anzalota of the property in question, taxes on the same were due to the Treasury. Therefore, he bought it subject to a lien in

favor of the People of Puerto Rico represented by the last three preceding annual instalments and the current one at the time. Thereafter new taxes became due which appellee also failed to pay and he, therefore, owed not only those assumed by him when purchasing the property, which could in no case exceed four annual instalments, but also those accruing subsequently. Thus construing the law and in order to prevent acquirers of ownership and other real rights on realty from being cheated through their ignorance of its provisions, the old notarial law required the notary who drew and authorized a deed affecting the ownership of, or any real right on, realty to expressly state in the instrument that he had advised the parties thereto of the preferred right of first lien in favor of the State for taxes due on the immovable. Afterwards, and as happens now, notaries were relieved from the obligation of expressly stating the warning in writing, a verbal warning being sufficient like any other pertinent legal warning or reservations. See the citation from Manresa to be found in the former opinion delivered in this case.

As the appellee owes the taxes sought to be collected by the collector, and as there is no legal period of prescription for the collection of land taxes, the motion for rehearing must be denied.

Mr. Chief Justice Del Toro took no part in the decision of this case.